**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUEL JESUS DELEG DELEG, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>NYC 79 LACOYA LLC a/k/a NYC 79 LACOYA HOLDINGS LLC,<br><br>Defendant. | Case No.: 1:26-cv-1936<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff MANUEL JESUS DELEG DELEG ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, as and for his Class and Collective Action Complaint against Defendant NYC 79 LACOYA LLC a/k/a NYC 79 LACOYA HOLDINGS LLC ("Defendant"), states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), that he and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 160, 190 et seq., and the New York Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 142-2.2, that he and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime wages, (2) statutory penalties for failure to provide proper wage notices and wage statements, (3) liquidated damages for late payment of wages, and (4) attorneys' fees and costs.

3. Defendant NYC 79 LACOYA LLC a/k/a NYC 79 LACOYA HOLDINGS LLC is a domestic business entity organized under the laws of New York that owns and operates residential properties throughout New York City. Upon information and belief, Defendant owns at least seven buildings throughout Manhattan, including at 445 Carmine Street, 1014 York Avenue, 15 West 64th Street, 15A West 64th Street, 100 West 79th Street, 102 W 79th St, New York, NY 10024, and 110 West 79th Street.

4. Plaintiff and putative collective members and putative class members are current and former non-exempt employees, including cleaners and maintenance workers, employed by Defendant at the various residential properties under its ownership and management. Defendant required Plaintiff, putative collective members, and putative class members to work scheduled hours exceeding forty hours per week, yet systematically failed to compensate them for all overtime hours worked. Specifically, Defendant required Plaintiff and similarly situated employees to work a regular schedule of forty-nine hours per week but paid them a flat monthly salary with no overtime premium, resulting in nine unpaid overtime hours each week.

5. Defendant's improper pay practices are designed to, and in fact do, result in a windfall of improperly retained unpaid compensation owed to Plaintiff, putative collective members, and putative class members.

6. Plaintiff alleges that Defendant failed to provide Plaintiff, putative collective members, and putative class members with accurate wage notices upon hire as required by NYLL § 195(1), and failed to furnish accurate wage statements on each payday as required by NYLL § 195(3). These violations obscured Defendant's wrongdoing and

prevented employees from perceiving the extent and nature of Defendant's wage theft against them.

7. Plaintiff further alleges that Defendant failed to pay Plaintiff and similarly situated employees on a weekly basis as required by NYLL § 191 for manual workers, instead paying them on a monthly basis, resulting in substantial late payment violations.

## **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over this controversy as Defendant's operations are located in New York and Defendant is a domestic business entity organized under the laws of New York with its principal place of business in New York.

10. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant resides in this judicial district and a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, including the properties where Plaintiff was employed.

## **PARTIES**

11. At all times relevant herein, Plaintiff was and is a resident of the State of New York.

12. At all times relevant herein, Defendant NYC 79 LACOYA LLC a/k/a NYC 79 LACOYA HOLDINGS LLC was and is a domestic business entity duly organized under and existing by virtue of the laws of the State of New York.

13. Defendant's business operations include ownership and management of residential buildings throughout New York City, including at but not limited to the following locations:

a. 445 Carmine Street, New York, NY

b. 1014 York Avenue, New York, NY

c. 15 West 64th Street, New York, NY

d. 15A West 64th Street, New York, NY

e. 100 West 79th Street, New York, NY

f. 102 W 79th St, New York, NY 10024

g. 110 West 79th Street, New York, NY

14. Upon information and belief, Defendant owns and operates these buildings and directly employs cleaners and maintenance workers at each location.

15. Defendant sets payroll policies and provides paychecks to employees across all properties, including Plaintiff.

16. Defendant hires, disciplines, and terminates cleaning and maintenance employees across its properties, including Plaintiff.

17. The Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of the Defendant handle goods and materials produced outside of New York (including cleaning supplies, equipment, and other items) that have moved in interstate commerce, and the Defendant is thus an employer subject to the jurisdiction of the FLSA.

18. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, State wage laws, and any regulations thereunder. At all relevant times, the work performed by Plaintiff and Class members was directly essential to the business operated by Defendant.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including cleaners and maintenance workers, employed by Defendant on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

21. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collective Plaintiffs for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendant's policies of paying flat monthly salaries without overtime premiums. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

22. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS

23. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including cleaners and maintenance workers, employed by Defendant on or after the date that is six (6) years two-hundred-and-twenty-eight (228) days (pursuant to NY's Executive Order tolling during the COVID pandemic), or the relevant statutory period of each state's applicable labor law, prior to the filing of the Complaint in this case (the "Class Members").

24. All said persons, including Plaintiff, is referred to herein as the "Class." The Class Members are readily ascertainable. The number and identities of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number rests are presently within the sole control of Defendant, there is no doubt that there are multiple members of the Class employed across Defendant's seven buildings.

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought

by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of: (i) failing to pay all wages, including overtime, for all hours worked in excess of forty hours per workweek; (ii) failing to provide wage and hour notices at date of hiring pursuant to NYLL § 195(1); (iii) failing to provide proper wage statements on each payday pursuant to NYLL § 195(3); and (iv) failing to pay manual workers weekly as required under NYLL § 191(1)(a).

27. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the

wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Defendant and other employers throughout the country violate state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and Class Members within the meaning of the state wage laws;

b. What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members;

c. At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class Members for their work;

d. Whether Defendant properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e. Whether Defendant properly compensated Plaintiff and Class Members for their hourly rate and overtime rate;

f. Whether Defendant paid Plaintiff and Class Members for the actual hours that they worked;

g. Whether Defendant provided wage and hour notices to Plaintiff and Class Members, at date of hiring, per requirements of the NYLL;

h. Whether Defendant provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL;

i. Whether Defendant paid manual workers weekly as required under NYLL § 191(1)(a).

## STATEMENT OF FACTS

### *Plaintiff's Employment*

32. In or around 2010, Defendant hired Plaintiff to work as a cleaner. Plaintiff continued to work for Defendant until his unexpected termination on September 1, 2025.

33. Plaintiff's job duties included general cleaning and trash management tasks for seven buildings owned by Defendant, including the following locations: 445 Carmine Street, New York, NY; 1014 York Avenue, New York, NY; 15 West 64th Street, New York, NY; 15A West

64th Street, New York, NY; 100 West 79th Street, New York, NY; and 110 West 79th Street, New York, NY.

34. Upon information and belief, NYC 79 LACOYA LLC is the owner of each of these buildings, and also directly employs Plaintiff.

35. As a cleaner performing general cleaning and trash management tasks, Plaintiff was a manual worker within the meaning of NYLL § 191(1)(a).

*Plaintiff's Work Schedule and Hours*

36. Plaintiff worked seven days per week in two shifts each day, with his first shift running from 4:00 a.m. until 8:00 a.m., then the second from approximately 6:00 p.m. to 9:00 p.m.

37. Plaintiff therefore generally worked 7 hours per day, an average of 49 hours each week.

*Defendant's Unlawful Compensation Practices*

38. For this work, Defendant paid Plaintiff a single monthly payment of $3,300.

39. Throughout Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff at a rate of one and a half times his standard rate for all hours worked over 40 each week.

40. Based on the monthly payment of $3,300 and 180 hours of straight time each month, Plaintiff's hourly rate was $18.30.

41. Based on an average of nine unpaid overtime hours per week for fifteen years and eight months (from 2010 until September 1, 2025), Plaintiff estimates that he is owed substantial unpaid overtime wages.

42. Under federal and New York State law, an employee may also claim liquidated damages for unpaid wages.

*Failure to Provide Required Wage Documents*

43. Defendant further did not provide any wage notice to Plaintiff indicating his rate or basis of pay.

44. Defendant also failed completely to provide Plaintiff with any pay stubs or statements including legally required information such as the amount of hours he worked.

45. Instead, Defendant provided Plaintiff with one paycheck per building, lacking any contextual information other than the month.

46. Upon information and belief, Defendant does not provide any time clock or other method for timekeeping for its employees, and has failed to keep any time records for Plaintiff.

47. FLSA Collective Plaintiffs and Class Members similarly did not receive accurate wage notices upon hire, as required by NYLL § 195(1), and did not receive accurate wage statements on each payday, as required by NYLL § 195(3).

48. Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices and statements as required by NYLL and other state wage laws.

*Failure to Pay at Proper Frequency*

49. Plaintiff was paid monthly, despite all of his job duties comprising manual labor.

50. Under NYLL § 191, manual workers must be paid weekly.

51. Even after the recent amendments to NYLL § 191, because Defendant failed to pay Plaintiff weekly, he is entitled to recover liquidated damages on his late-paid wages.

52. FLSA Collective Plaintiffs and Class Members similarly were paid monthly rather than weekly despite performing manual labor.

*Other Working Conditions*

53. Defendant failed to provide Plaintiff with any paid vacation or sick leave.

54. During the COVID-19 pandemic, Defendant did not provide Plaintiff with any protective equipment, and he had to buy his own gloves, sanitizer, and masks.

55. Plaintiff retained Joseph & Norinsberg LLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

**FIRST CAUSE OF ACTION**
*(FLSA Collective Action)*

56. Plaintiff realleges and reavers each and every previous allegation as if fully set forth herein.

57. At all relevant times Plaintiff and the other FLSA Collective Plaintiffs were employees of the Defendant within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

58. At all relevant times the Defendant was an employer within the meaning of the FLSA and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203.

59. As alleged herein, Plaintiff and the other FLSA Collective Plaintiffs regularly worked regular and overtime hours for Defendant for which they were not paid proper overtime compensation, in violation of the FLSA.

60. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the other FLSA Collective Plaintiffs for the proper overtime rate at one and one-half times their regular rate

of pay for all hours worked in excess of forty (40) hours per workweek when Defendant knew or should have known such was due.

61. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and the other FLSA Collective Plaintiffs suffered damages in the form of unpaid overtime wages. Plaintiff and the other FLSA Collective Plaintiffs seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

## SECOND CAUSE OF ACTION
*(NYLL Class Action - Unpaid Overtime)*

62. Plaintiff realleges and reavers each and every previous allegation as if fully set forth herein.

63. At all relevant times Plaintiff and the other Class members were employees of the Defendant within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

64. At all relevant times the Defendant was an employer within the meaning of the NYLL.

65. As alleged herein, Plaintiff and the other Class members regularly worked in excess of 40 hours per week, but were not paid all of the wages to which they were entitled under the NYLL, including overtime wages.

66. Defendant knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiff and the other Class Members for the proper overtime rate at one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked in excess of forty (40) hours per workweek when Defendant knew or should have known such was due.

67. Defendant also failed to provide Plaintiff and the other Class members with accurate wage statements and wage notices, as required under the NYLL.

68. As a direct and proximate result of Defendant's willful disregard of the NYLL, Plaintiff and the other Class members suffered damages in the form of unpaid overtime wages. Plaintiff and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of statutory penalties, liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## THIRD CAUSE OF ACTION

*(Failure to Furnish Proper Wage Statements in Violation of NYLL § 195(3))*

69. Plaintiff realleges and reavers each and every previous allegation as if fully set forth herein.

70. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. Defendant is an employer within the meaning of the NYLL, and Plaintiff and Class Members are employees within the meaning of the NYLL.

72. As described above, Defendant, on each payday, failed to furnish Plaintiff and Class Members with accurate wage statements containing the criteria required under the NYLL.

73. Defendant provided Plaintiff with one paycheck per building, lacking any contextual information other than the month, and failed completely to provide him with any pay stubs or statements including legally required information such as the amount of hours he worked.

74. Defendant thereby harmed Plaintiff and Class Members by obscuring its own wrongdoing and preventing its employees from perceiving the extent and nature of Defendant's wage theft against them.

75. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and Class Members in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00, plus costs and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
*(Failure to Furnish Proper Wage Notice in Violation of NYLL § 195(1))*

76. Plaintiff realleges and reavers each and every previous allegation as if fully set forth herein.

77. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria, including the rate of pay, the basis thereof, and the regular pay day.

78. As described above, Defendant is an employer within the meaning of the NYLL, and Plaintiff and Class Members are employees within the meaning of the NYLL.

79. As also described above, Defendant failed to furnish Plaintiff and Class Members with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

80. Defendant thereby harmed Plaintiff and Class Members by obscuring its own wrongdoing and preventing its employees from perceiving the extent and nature of Defendant's wage theft against them.

81. Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and Class Members in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00, plus costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
*(Failure to Pay Manual Workers Weekly in Violation of NYLL § 191)*

82. Plaintiff realleges and reavers each and every previous allegation as if fully set forth herein.

83. NYLL § 191(1)(a) expressly mandates that "a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

84. Plaintiff unquestionably qualifies as a "manual worker" within the meaning of NYLL § 191(1)(a) as he performed physical, hands-on cleaning and trash management work.

85. Defendant is an employer within the meaning of the NYLL, while Plaintiff and Class Members are employees within the meaning of the NYLL.

86. Despite this clear statutory mandate, Defendant failed to pay Plaintiff and Class Members on a weekly basis, instead paying them monthly.

87. Under amendments to NYLL § 191(1)(b) that became effective May 9, 2025, first-time violators must pay interest on unpaid wages from the date the wages were due, and repeat offenders who have previously violated NYLL § 191 are subject to 100% liquidated damages on unpaid wages.

88. Plaintiff and Class Members are entitled to payment of all wages owed, interest, liquidated damages, attorneys' fees, and costs for Defendant's violations of the NYLL's weekly payment requirement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime, due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendant's willful failure to pay proper wages, including overtime compensation, pursuant to the FLSA and NYLL;

e. An award of liquidated damages as a result of Defendant's failure to pay manual workers weekly pursuant to NYLL § 191;

f. An award of statutory penalties as a result of Defendant's failure to comply with wage notice and wage statement requirements pursuant to NYLL §§ 195(1) and 195(3);

g. An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class;

k. Pre- and post-judgment interest;

l. Plaintiff's costs and reasonable attorney's fees; and

m. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 9, 2026
New York, New York

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: ______________________
Madeline Howard, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel.: (212) 227-5700
Fax: (212) 656-1889
Email: madeline@employeejustice.com
*Attorneys for Plaintiff and the Putative Class*