USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

APPLICATION GRANTED

Katharine H Parker

Hon. Katharine H. Parker, U.S.M.J.

11/17/2026

Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

November 16, 2026

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

The Court thanks the parties for the update. The parties are directed to submit another joint status update by **December 17, 2026**.

**Re:** ***Deleg Deleg v. NYC 79 Lacoya LLC*, No. 1:26-cv-01936-ALC-KHP**
**Joint Status Letter**

Dear Judge Parker:

Joseph & Norinsberg, LLC represents Plaintiff Manuel Jesus Deleg Deleg ("Plaintiff"), and The Price Law Firm PLLC represents Defendant NYC 79 Lacoya LLC a/k/a NYC 79 Lacoya Holdings LLC ("Defendant") in the above-referenced action. Pursuant to the Court's October 30, 2026 Order (ECF No. 22), which extended the deadline for the parties' Joint Status Letter to November 15, 2026, the parties write jointly to update the Court on the status of discovery.

**1. Initial Disclosures**

Plaintiff served his Rule 26(a)(1) initial disclosures and an initial document production on July 8, 2026. Defendant served its Rule 26(a)(1) initial disclosures on September 23, 2026.

**2. Written Discovery**

**Plaintiff's requests.** On September 30, 2026, Plaintiff served his First Set of Requests for Production and First Set of Interrogatories. On November 6, 2026, consistent with the deadline set in ECF No. 22, Defendant served its Responses and Objections and produced documents Bates-stamped DEF00001–DEF00020, which include records of payments made by Defendant to Plaintiff from January 2020 through August 2025 and vendor records maintained by non-party entities.

In its responses, Defendant stated that it (i) is collecting text messages and other communications between Plaintiff and three identified individuals concerning Plaintiff's hours, pay, and schedule, and will produce non-privileged responsive communications within thirty days of its responses; (ii) will search the e-mails and text messages of three custodians for communications containing Plaintiff's name; (iii) is continuing to search for any IRS Forms 1099 issued to Plaintiff; and (iv)

will produce documents sufficient to show its annual gross volume of sales or business done for 2020 through 2025, and documents sufficient to identify its members, upon entry of a stipulated confidentiality order.

**Defendant's requests.** On November 6, 2026, Defendant served its First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission on Plaintiff. Pursuant to ECF No. 22, Plaintiff's responses to Defendant's requests for production are due December 2, 2026. Plaintiff is gathering responsive documents and information and anticipates serving his responses by that date.

**3. Confidentiality Order**

The parties are conferring regarding a proposed stipulated confidentiality order based on the Court's Model Confidentiality Stipulation and Order and anticipate submitting it for the Court's approval shortly.

**4. Meet and Confer**

Defendant has objected to and is withholding certain categories of documents and information, including its tax returns and financial records, and documents and information concerning individuals other than Plaintiff on the ground that no collective or class has been certified. Defendant has also objected to several of Plaintiff's interrogatories under Local Civil Rule 33.3(a), and to Plaintiff's requested ESI search terms and production format. Plaintiff disputes a number of these objections. The parties will meet and confer in good faith in an effort to resolve or narrow these issues. No dispute is ripe for the Court's intervention at this time; should any issue remain unresolved, the parties will raise it in accordance with Your Honor's Individual Practices.

**5. Depositions and Remaining Schedule**

Following the completion of the written discovery exchanges described above, the parties intend to schedule party depositions. The parties do not request any modification to the remaining schedule, which is as follows:

| Deadline / Event | Date |
|---|---|
| Defendant's responses to Plaintiff's requests for production | November 6, 2026 (served) |
| Plaintiff's responses to Defendant's requests for production | December 2, 2026 |
| Case Management Conference | December 15, 2026 at 2:00 p.m. |
| Completion of depositions | December 29, 2026 |
| Close of fact discovery | January 29, 2027 |

**6. Counsel**

On November 9, 2026, the Court granted the motion of Madeline Howard, Esq. to withdraw as counsel for Plaintiff (ECF No. 24). Plaintiff continues to be represented by Elizabeth Pollock, Esq. of Joseph & Norinsberg, LLC, who has appeared in this action (ECF No. 20).

The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**
*Attorneys for Plaintiff*

/s/ Elizabeth Pollock
Elizabeth Pollock, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
(704) 999-4276
epollock@employeejustice.com

**THE PRICE LAW FIRM PLLC**
*Attorneys for Defendant*

/s/ Lilly D. Pollak
Lilly D. Pollak, Esq.
900 Walt Whitman Road, Suite 301
Melville, New York 11747
(212) 675-1125
lpollak@thepricelawfirmllc.com

cc: All counsel of record (via ECF)